UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

CELSIUS NETWORK LLC, *et al.*,

                      Debtors.

23-CV-1302 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Celsius Network LLC, an online cryptocurrency platform, filed a chapter 11 bankruptcy petition in July 2022.  On January 4, 2023, the Bankruptcy Court issued an opinion and order ("the Earn Decision") concluding that cryptocurrency assets deposited into certain accounts (the "Earn Accounts") became property of Celsius when deposited and that therefore, when Celsius filed for bankruptcy, those assets became property of the Debtors' estates.

      Pending before the Court are three related bankruptcy appeals: 23-cv-523; 23-cv-1302; and 23-cv-1243.  In each case, *pro se* Appellants argue that the Earn Decision is a final order immediately appealable pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 8003.  (ECF No. 1.)  In the alternative, they seek leave to file an interlocutory appeal of the Earn Decision pursuant to FRBP 8004.  (*Id.*)

      The Earn Decision is not a final order.  District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a).  "Bankruptcy court orders are considered final and therefore appealable as of right only when they finally dispose of discrete disputes within the larger case." *In re Towers Fin. Corp.*, 164 B.R. 719, 720 (S.D.N.Y. 1994) (citing *Shimer v. Fugazy (In re Fugazy Express, Inc.)*, 982 F.2d 769, 775 (2d Cir. 1992)).  The Earn Decision does not "finally dispose" of the issue of ownership of the assets in the Earn

Accounts. While the Earn Decision concluded that Celsius's Terms of Use formed a valid, enforceable contract between the Debtors and the Account Holders, and that the Terms unambiguously transferred title and ownership of the Earn Assets from the Account Holders to the Debtors, the Bankruptcy Court reserved the issue of the Account Holders' defenses to contract formation for a later stage in the proceedings. *See In re Celsius Network LLC*, 647 B.R. 631, 651 (Bankr. S.D.N.Y. 2023).

Nor does the Earn Decision merit an interlocutory appeal. Under 28 U.S.C. § 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. "In exercising their discretion as to whether to grant leave to appeal an interlocutory order in a bankruptcy case, district courts have generally applied the standards set forth in 28 U.S.C. § 1292(b), which govern certification of interlocutory appeals from the district courts to the courts of appeals." *In re Old Mkt. Grp. Holdings Corp.*, No. 20-10161 (PB), 2023 WL 2207667, at *3 (S.D.N.Y. Feb. 24, 2023) (citation omitted). Therefore, leave to appeal an interlocutory order will be granted only if the order: "(1) involves a controlling question of law (2) over which there is a substantial ground for difference of opinion and (3) if an immediate appeal would materially advance the ultimate termination of the litigation." *Id.* (citation omitted); 28 U.S.C. § 1292(b). Even if all three requirements are met, "[l]eave to appeal an interlocutory order should be granted 'only in exceptional circumstances that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Platinum Partners Value Arbitrage Fund L.P.*, 22 Civ. 6376 (GHW), 2022 WL 4357548, at *3 (S.D.N.Y. Sept. 19, 2022) (quoting *Picard v. Est. of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011)).

Because the third factor of the § 1292(b) test is not met, the Court need not address the other factors. An immediate appeal would not materially advance the ultimate resolution of the bankruptcy proceeding. The opposite is true. There is no basis to disturb Chief Judge Glenn's decision to bifurcate the issues of contract formation and the applicable defenses. Nor do the facts here give rise to the type of "exceptional circumstance" where an interlocutory appeal must be permitted.

Appellant Kulpreet Khanuja contends that a different result is merited in his appeal, docketed at 23-cv-1243. According to him, the Bankruptcy Court and the Debtors treated his motion seeking a ruling that his Earn Assets were not property of the bankruptcy estates as an "informal lift-stay motion," based on the context of the proceedings. (*See* ECF No. 4.) In particular, Appellants argue that because the Debtors referred to a previous motion by a different individual as a lift-stay motion, they developed an informal understanding that Khanuja's subsequent and substantially similar motion would be construed in the same way. In *Ritzen Group Inc. v. Jackson Masonry, LLC*, the Supreme Court held that a creditor's motion for an order terminating, annulling, modifying, or conditioning an automatic bankruptcy stay is a final, immediately appealable decision. 140 S. Ct. 582, 589 (2020). Khanuja's original motion and his amended motion (23-cv-523, ECF Nos. 10-2 and 10-3) did not seek such relief. Nor did the Bankruptcy Court construe them to do so. (*See* 23-cv-523, ECF No. 10-4, "Order Denying Kulpreet Khanuja's Motion Seeking a Ruling That Personal Earn Assets Are Not Property of The Debtors' Estates.")

Appellants' motion for leave to file an interlocutory appeal is denied, and this appeal is dismissed.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: March 27, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge